This is likely they are from Michigan as somewhere else if we don't know where they are from at this point. You'd be asking us to speculate. That's true. Counsel, we were asking you to summarize your strongest arguments as to why we should affirm the trial court's ruling for forwarded cases. The single strongest argument is most likely the Supreme Court ruling worrying at the application of this case, which is that where you have multiple witnesses in multiple jurisdictions and Illinois or the chosen forum is most centrally located and convenient to all the parties, then the plaintiff's choice of forum should prevail. Obviously, we're entitled to substantial deference because we believe this contract cause of action arises in Illinois. But our strongest argument, I believe, is under worrying. Our second strongest is probably under the Wilder case where, again, the cause of action arises in Illinois and the plaintiff's choice of forum is entitled to substantial deference. Maybe the third argument that I think is also worth considering is that the defendant has failed to meet their burden in this case. The declaration of Mr. Wojcik, which is attached to the defendant's petition or motion, is grossly deficient. The case law does require that the defendant allege facts indicating that Illinois or the alternative forum is more convenient for all the parties and witnesses. In this case, they did not do that. The declaration of Mr. Wojcik does not mention convenience at all. There's no mention... Isn't it somewhat implicit in his statements? I mean, those statements of fact are not indicating that it's inconvenient. I mean, does he have to say that in so many words? Does he have to use the word convenient? Well, I don't know that he has to use the word convenient specifically, but there's no discussion of travel expense. There's no discussion of time expense, you know, travel times. There's no discussion of, you know, any burden on Illinois versus Michigan, and I think that's the hurdle that must be met. Well, basically, part of your argument is this case turns on the burden issue and turns on standard of review. It does. And, of course, again, I apologize for not preparing a statement of facts, but this Court can't affirm on any basis appearing in the record whether or not the trial court has ruled on that basis. And there are extensive facts indicating that this cause of action arises in both Illinois and other jurisdictions. You know, that's not really in dispute, but we believe that Illinois has a substantial interest in this case because the financial aspects of this transaction occurred in Illinois. And as much as this case is a case about production and manufacturing, it's also a case about the financial aspects of the agreement. And we're going to need witnesses, and there's going to be evidence that's related to that that comes out of Illinois. Illinois has a substantial interest in reviewing, you know, the acts of its citizens. And there were many acts that occurred that were initiated by defendant within the state of Illinois that impacted this transaction. What about the court congestion? I'm sorry? Court congestion. Well, so I was not sure that we were talking about apples to apples with the court congestion numbers. I recognize that defendant has produced numbers indicating that there's a very substantial difference between the total number of cases that have been filed in DuPage versus the number of cases that have been filed in 10th County Mission. I don't dispute that gross number, but I don't believe there's a sufficient breakdown in the numbers that have been provided to indicate we're talking about Law Division cases. Obviously, a judge's docket, if it's full of Law Division cases, is going to translate much differently than, you know, 400 traffic cases. And I'm not sure that we know what those cases are. We haven't been told that. We just weren't given a gross number, I think. So, you know, I believe the judge was clear, you know, like you said, Your Honor, any judge would indicate it would be great if I had less cases. But in this case, he couldn't find any reason from the docket aspect that he should dismiss the case. So I don't see any reason why, you know, there was an abuse of discretion in that decision. I did have a couple points from the appellant's argument that I wanted to touch on briefly. One, obviously, and I think many of us have studied this enough that I don't want to reiterate it. The appellant asserts that, really, the entire cause of action arises in Michigan. And, again, that's really not supported by the record before this Court. It's not part of the decision of the trial court. And, honestly, we assert that the place of appellee's performance under the contract is just as equally significant as the place where appellant's place. Like, if they performed their portion of the agreement, I think that that is a significant fact. They're entitled to their significance. We're entitled to ours. And we believe Illinois is the correct place. Now, with respect to the appellant's allegation that Michigan employees are the primary contract plaintiff and appellee, I think that also directly contradicts the allegations of the verified complaint and also the counter affidavit attached to appellee's motion before the trial court. I believe that's all I have. I touched on all three of my main arguments. Thank you, Your Honor. I appreciate your time. Thank you very much. Do you wish to reply? Yes. Thank you. One of the points that was made, you do have to look at the facts that are in this record. And the discussion about credit terms is not in the record. If you look at the complaint, which starts at C-02, and you look at paragraph 10, it talks about payments going into Illinois. But there's no discussion in either the verified complaint or in the declaration of Ms. Eric Cruz, which starts at approximately C-99, about any discussion of credit terms. Just the payment was made in Illinois. Just the payment. This court should, this case should be tried in a forum that has the greater connection to the occurrence. The occurrences that form the basis, that form the gravamen of the complaint. And what formed the gravamen of the complaint was this manufacturing of these granola bars. And therefore, I ask this court to enter an order with instruction for this case to be dismissed with appropriate leave under Supreme Court Rule 187 so that 18 rabbits can refile in Cape Town, Michigan. Thank you, Your Honor. Sure. Thank you. All right. We will issue a decision in due course. I thank both sides for excellent arguments right on point. And we will be in recess now until the next argument is announced. Thank you. I'm not saying it, you are saying it, you said it in your brief, if the phone had been recovered right after, immediately after the offense, then the inference would be a fair inference. But because he flees, it's no longer a fair inference because it's two days later. That's what you said. I'm just parroting back what you said in your brief. If the police had recovered the phone immediately after the assault. Your time is up. Is it your position or you're not suggesting there are material misrepresentations by the state in this warrant? No, but there seems to be a cut in pace. It seems to be a cut in pace. That qualifies as a material misrepresentation? That is an element. That is an element. I am arguing that good faith does not apply.